IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DARRYLL T. PETERSON,<br><br>       Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of the Social Security Administration,<br><br>       Defendant. | **REPORT AND RECOMMENDATION TO DENY AMENDED MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (DOC. NO. 13)**<br><br>Case No. 1:19-cv-00107-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Darryll T. Peterson brought this action against Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), seeking judicial review of the denial of her application for benefits under the Social Security Act. (Compl., Doc. No. 3.) The Commissioner moved to dismiss the case, arguing it was untimely filed. (Def.'s Am. Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Mot."), Doc. No. 13.)

As addressed below, the parties submitted evidence outside the pleadings which is necessary to consider in resolving the motion. Thus, the undersigned converts the Commissioner's motion to dismiss pursuant to Rule 12(b)(6) into a motion for summary judgment. Having reviewed the briefing on the motion, the undersigned[1] RECOMMENDS the district judge DENY the motion to dismiss—appropriately construed as a motion for summary judgment—for the reasons set forth below.

---

[1] On May 10, 2020, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 17.) On May 15, 2020, this case was reassigned to the undersigned magistrate judge. (Doc. No. 19.)

1

**BACKGROUND**

On July 17, 2019, the Social Security Administration's Appeals Council mailed Ms. Peterson notice of its denial of her request for review of the administrative law judge's decision denying her application for supplemental security income under Title XVI of the Social Security Act.  (Mot. 2, Doc. No. 13; Decl. of Janay Podraza ("Podraza Decl.") ¶ 3(a), Doc. No. 13-1.) The notice advised Ms. Peterson of her right to commence a civil action within sixty days from the date of receipt, which is assumed to be five days after the date of the notice unless the applicant shows otherwise.  (Mot. 2, Doc. No. 13; Podraza Decl. ¶ 3(a), Doc. No. 13-1; Ex. 2 to Podraza Decl., Notice of Appeals Council Action 3, Doc. No. 13-1 at 22.)  The parties agree that, based on the date of the notice, the deadline for Ms. Peterson to file a civil action for review was Friday, September 20, 2019.  (Mot. 2, Doc. No. 13; Resp. to Def.'s Mot. to Dismiss ("Resp.") 3, Doc. No. 16.)

Ms. Peterson's fee waiver application, Complaint, and Civil Cover Sheet are all dated September 11, 2019.  (*See* Application to Proceed in District Ct. Without Prepaying Fees or Costs ("Application") 2, Doc. No. 1; Compl. 16, Doc. No. 3; Civil Cover Sheet, Doc. No. 3-1.) However, the stamps on these filings indicate the court received them on Monday, September 23, 2019, and the docket indicates this as well.  (Application 1, Doc. No. 1; Compl. 1, Doc. No. 3; Civil Cover Sheet, Doc. No. 3-1; Docket Entry No. 1 (indicating receipt by the court on 9/23/2019); Docket Entry No. 3 (indicating receipt by the court on 9/23/2019).)  Further, the Complaint was not filed on the docket until the court granted Ms. Peterson's fee waiver application on October 8, 2019.  (*See* Order on Application to Proceed Without Prepayment of Fees, Doc. No. 2; Compl., Doc. No. 3; Docket Entry No. 3 (indicating filed date of 10/08/2019).)

The Commissioner moved to dismiss the Complaint as untimely because it was filed after the September 20, 2019 deadline. (Mot. 2, Doc. No. 13.) Ms. Peterson filed a response arguing the statute of limitations should be equitably tolled because her Complaint, Civil Cover Sheet, and fee waiver application were mailed to the court on September 11, 2019—nine days before the filing deadline. (Resp. 2–3, Doc. No. 16.) In support of her response, Ms. Peterson filed a declaration from her attorney's legal assistant, Nikki Jones. (Ex. E to Resp., Decl. of Nikki Jones ("Jones Decl."), Doc. No. 16-5.) Ms. Jones declares under penalty of perjury that she met with Ms. Peterson to complete and sign the fee waiver application on September 11, 2019. (*Id.* ¶ 7.) On this same day, she asserts, she mailed the fee waiver application to the court along with the Complaint and Civil Cover Sheet. (*Id.* ¶ 8.) Ms. Jones explains she mailed the documents to the court because she had been instructed by the court clerk four years ago that fee waiver applications could not be filed electronically, and that the original complaint, civil cover sheet, and fee waiver application needed to be mailed instead. (*Id.* ¶¶ 3–4.) Ms. Jones indicates her office has followed this procedure for years and that in 2019 alone, she filed three other complaints with fee waiver applications, all of which were received and approved by the court within three to seven days. (*Id.* ¶ 5.) In addition to Ms. Jones' declaration, Ms. Peterson provided a mailing log from her attorney's office containing an entry dated September 11, 2019 with Ms. Peterson's name, a note stating "Complaint to Fed. Court, Waiver of Fees and Civil Cvr Sheet," and Ms. Jones' initials. (Ex. D to Resp., Mailing Log, Doc. No. 16-4; Resp. 2, Doc. No. 16.) The Commissioner did not file a reply in support of its motion.

## **LEGAL STANDARD**

The Commissioner indicates that because the sixty-day time period in 42 U.S.C. § 405(g), upon which Ms. Peterson's claim is based, represents a statute of limitations instead of a jurisdictional bar, the dismissal motion relies on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted rather than on Rule 12(b)(1) for lack of subject matter jurisdiction.  (Mot. 1 n.1, Doc. No. 13.)  While the motion is correctly designated a Rule 12(b)(6) motion as opposed to a Rule 12(b)(1) motion, both parties rely on evidence outside of the pleadings in its briefing on the motion, (s*ee*, *e.g.*, Podraza Decl., Doc. No. 13-1; Jones Decl., Doc. No. 16-5), which the undersigned finds necessary to resolving the motion.

The court generally cannot consider materials outside of the pleadings in deciding a Rule 12(b)(6) motion.  If the court does consider such evidence, the court must convert the motion to one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Typically, the court must provide notice to the parties when converting a motion to dismiss to one for summary judgment.  *See* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").  However, courts addressing similar statute of limitations issues in Social Security cases have found notice unnecessary where both parties presented evidence outside the pleadings related to the timeliness of the appeal, neither party objected to the presentation or use of the evidence, and the parties had an opportunity to address any concerns regarding conversion of the motion to dismiss as part of their right to object to the reports and recommendations.  *See Apachito v. Berryhill*, No. 17-cv-0504 JCH/SMV, 2018 U.S. Dist. LEXIS 4471, at *5 (D.N.M. Jan. 10, 2018) (unpublished), *R. &*

*R. adopted*, No. 17-cv-0504 JCH/SMV, 2018 U.S. Dist. LEXIS 14695 (D.N.M. Jan. 30, 2018) (unpublished); *Salter v. Colvin*, No. CIV 15-1092 WJ/KBM, 2016 U.S. Dist. LEXIS 192473, at *4–5 (D.N.M. May 6, 2016) (unpublished), *R. & R. adopted*, No. CIV 15-1092 WJ/KBM, 2016 U.S. Dist. LEXIS 192474 (D.N.M. May 25, 2016) (unpublished); *Wiggins v. Colvin*, No. CIV-14-103-R, 2014 U.S. Dist. LEXIS 109186, at *4–5 (W.D. Okla. June 18, 2014) (unpublished), *R. & R. adopted*, No. CIV-14-103-R, 2014 U.S. Dist. LEXIS 108071, at *4 (W.D. Okla. Aug. 6, 2014) (unpublished).  The same circumstances and considerations apply in this case.  Thus, the undersigned construes the Commissioner's motion as one for summary judgment under Rule 56(c) and proceeds to consider the merits of the motion.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In its analysis, the court considers all the materials in the record.  Fed. R. Civ. P. 56(c).

## DISCUSSION

Section 405(g) of the Social Security Act provides that an applicant seeking benefits may obtain judicial review of the Commissioner's final decision "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  The sixty-day time limit in section 405(g) is a statute of limitations rather than a jurisdictional bar.  *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).  The Supreme Court has held the doctrine of equitable tolling may be applied to the sixty-day time limit in section 405(g) of the Social Security Act.  *Id.* at 480–81.

"Equitable tolling permits courts to extend statutes of limitations on a case-by-case basis to prevent inequity." *Abrams v. City of Albuquerque*, No. 10-0872 MV/RHS, 2014 U.S. Dist. LEXIS 194056, *7 (D.N.M. June 26, 2014) (unpublished) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). A plaintiff is entitled to equitable tolling if she shows "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The second prong of this test is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [her] control." *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original).

Courts have applied equitable tolling in some circumstances where the court itself caused a delay beyond the plaintiff's control. *See Nasious v. City & Cnty. of Denver*, 415 Fed. Appx. 877, 882 (10th Cir. Feb. 22, 2011) (unpublished) (applying equitable tolling principles where the plaintiff failed to timely pursue his claims due to an erroneous district court order); *Dartez v. Peters*, No. 15-3255-EFM-DJW, 2018 U.S. Dist. LEXIS 33992, at *20–21 (D. Kan. Mar. 2, 2018) (unpublished) (applying equitable tolling where the court took approximately nine months to screen the plaintiff's complaints, during which time the plaintiff could not proceed with discovery as to the identity of John Doe defendants); *Abrams v. City of Albuquerque*, No. 10-0872 MV/RHS, 2014 U.S. Dist. LEXIS 194056, at *29-33 (D.N.M. June 26, 2014) (unpublished) (applying equitable tolling where there was a twenty-month delay caused by the court's review of a motion for class certification and a motion to dismiss).

Ms. Peterson argues the statute of limitations should be equitably tolled in this case because she "diligently pursued her rights and appropriately mailed her documents with[] more

6

than sufficient time for them have been received and logged by this [c]ourt" before the filing deadline. (Resp. 3, Doc. No. 16.) Ms. Peterson asserts that "it is unlikely the mailed documents took more than 12 days to get to the [c]ourt and that, most likely, they were on the premises and not processed." (*Id.* at 2–3.) She explains that her attorney was following the instructions of the court clerk to mail the documents rather than file them electronically. (*Id.* at 1–2.) She also points out that the court marked the Complaint as received only three days after the filing deadline, and the two intervening days were a Saturday and a Sunday. (*Id.* at 4.) Ms. Peterson argues that under these circumstances, "she has acted with due diligence in advancing her case, and she is entitled to some equity." (*Id.* at 3.)

The Commissioner's motion asserts generally that equitable tolling is available only in rare circumstances and notes that Ms. Peterson did not seek an extension of time in which to file her Complaint. (Mot. 6–7, Doc. No. 13.) However, because the Commissioner elected not to file a reply, he has offered no response to Ms. Peterson's argument that she is entitled to equitable tolling under the specific circumstances of this case due to the delay between the mailing and filing of her Complaint. Nor did the Commissioner challenge the evidence Ms. Peterson submitted showing her Complaint was mailed nine days before the filing deadline.

The undersigned finds equitable tolling to be appropriate in this case. First, Ms. Peterson has demonstrated she diligently pursued her rights. Ms. Peterson's Complaint, Civil Cover Sheet, and fee waiver application are all dated September 11, 2019. (*See* Compl. 16, Doc. No. 3; Civil Cover Sheet, Doc. No. 3-1; Application 2, Doc. No. 1.) Further, Ms. Peterson has submitted uncontroverted evidence that her counsel's assistant, Ms. Jones, mailed these filings to the court on September 11, 2019—nine days before the September 20 filing deadline. (Ex. E. to Resp., Jones Decl. ¶¶ 7–8, Doc. No. 16-5; *see also* Ex. D to Resp., Mailing Log, Doc. No. 16-4

(mail log indicating Ms. Jones mailed Ms. Peterson's "Complaint to Fed. Court, Waiver of Fees and Civil Cvr Sheet" on September 11, 2019).) Ms. Jones followed the court's instructions and her office's standard practice by mailing these documents to the court. (Ex. E to Resp., Jones Decl. ¶¶ 3–5, 8, Doc. No. 16-5.) Moreover, by mailing the filings nine days before September 20, she allowed sufficient time for them to be delivered to the court before the deadline. As Ms. Jones indicates in her declaration, the court had processed similar submissions in the past within three to seven days of mailing. (*Id.* ¶ 5.) Based on the evidence presented, the undersigned finds Ms. Peterson diligently pursued her rights by mailing the documents to the court nine days before the filing deadline.

Second, Ms. Peterson has shown the delay in filing was due to extraordinary circumstances beyond her control. The undersigned can only speculate as to the reason for the unusual length of time between the date the documents were mailed and the date they were marked as received by the court. Regardless of the precise cause, the delay cannot be attributed to Ms. Peterson; she had no control over the delivery or processing of the documents after she mailed them. The undersigned finds the twelve-day delay between mailing and apparent receipt constituted an extraordinary circumstance beyond Ms. Peterson's control.

Moreover, Ms. Peterson seeks to toll the statute of limitations by only three days, which includes a Saturday and a Sunday during which the court was closed. The Complaint was marked received only one business day after the filing deadline and, as set forth above, the delay occurred after Ms. Peterson mailed the documents with sufficient time for them to be received by the court. Under these circumstances, the undersigned finds Ms. Peterson is entitled to equitable tolling of the statute of limitations during the three-day period from Friday, September 20 to Monday, September 23, 2019.

The Commissioner does not appear to argue the Complaint was untimely because it was not filed on the docket until October 8, 2019. Nevertheless, Ms. Peterson is entitled to equitable tolling of the statute of limitations during this time period as well. The fifteen-day delay between date the Complaint was marked received and the date it was filed on the docket was due to the court's review of Ms. Peterson's fee waiver application, and the Tenth Circuit has held that the statute of limitations is tolled while a fee waiver application is pending. *See Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994) ("[T]he statute of limitation is tolled while the IFP petition is pending."); *see also Namoko v. Milgard Mfg.*, 253 Fed. Appx. 729, 732–33 (10th Cir. Oct. 31, 2007) (unpublished) (tolling the statute of limitations during the court's review of a fee waiver application).

## **RECOMMENDATION**

For these reasons, the undersigned RECOMMENDS the district judge DENY the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 13), which is more appropriately construed as a motion for summary judgment under Federal Rule of Civil Procedure 56(c).

The court will send copies of this Report and Recommendation to all parties, who the court hereby notifies of their right to object to the same. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of July, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge
